UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 06-59-KSF

MARC LOUIS BINDER                                                                                   PETITIONER

V.                                                    **ORDER**

BECKY PANCACK, Warden                                                                    RESPONDENT

\* \* \* \* \* \* \* \* \* \* \* \*

On March 8, 2006, petitioner, by counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [DE #1]. Consistent with local practice, this matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

On January 19, 2007, the Magistrate Judge filed his proposed findings of fact and recommendation, recommending that the respondent's motion for summary judgment be granted and the petition be dismissed. The petitioner first claims that an essential element of the offense of criminal syndication was omitted from the indictment and the jury instructions in violation of his constitutional rights. The Magistrate Judge concludes that despite the fact that the indictment was technically defective for excluding the phrase "on a continuing basis," such exclusion did not violate the petitioner's constitutional rights, as the indictment expressly set forth that he was being charged with criminal syndication under K.R.S. § 506.120, which contains the phrase "on a continuing basis." Therefore, the petitioner was not prejudiced in any way by the technical defect. The Magistrate Judge further concludes that the omission of the phrase "on a continuing basis" from the jury instructions did not constitute palpable error or prejudice the petitioner

because there was overwhelming evidence that the drug syndicate in question operated on an ongoing and continuing basis during the specified time period. Based on this, the Magistrate Judge concludes that the petitioner is unable to show that the omission resulted in manifest injustice.

The petitioner also claims that his counsel was ineffective for failing to object to jury instructions which varied from the language of the indictment. The indictment charged that the petitioner "organized, participated, and/or provided material aid" to a criminal syndicate, but the jury instructions indicated that the petitioner could be found guilty if he "organized or participated with, provided material aid to, **and/or managed, supervised or directed any of the activities**" of the group. The Magistrate Judge concludes that the jury instructions did not describe a new offense, but simply further explained the criminal syndication charge with more precision. Further, the words "organizing," "participating," and "providing material aid" describe a high level of participation and encompass activities such as "managing," "supervising," and "directing." Therefore, the Magistrate Judge concludes, any variance in the language was not a fatal variance.

The petitioner also claims that his counsel was ineffective for failing to object to jury instructions that permitted the jury to find him guilty on alternate theories – selling, distributing, and/or dispensing cocaine – that were unsupported by the evidence, thus permitting the jury to return a non-unanimous verdict. When disjunctive theories are submitted to the jury and the jury returns a general verdict, the verdict should be affirmed as long as there was sufficient evidence to support one of the theories presented. Thus, based on the fact that there was overwhelming evidence presented that the petitioner was a leader of a major drug syndicate, the Magistrate

Judge concludes that counsel was not ineffective for not objecting to the word "dispense" in the jury instructions.

Neither the petitioner nor the respondent filed objections to the Magistrate Judge's proposed findings of fact and recommendation and the time for same has passed. Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's proposed findings of fact and recommendation to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." Thomas v. Arn, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections with the Court to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. See Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, the Court, having examined the record and having made a *de novo* determination, is in agreement with the Magistrate Judge's proposed findings of fact and recommendation.

In determining whether a certificate of appealability should issue as to the petitioner's claims, the Court turns to Slack v. McDaniel, 529 U.S. 473 (2000), for guidance. In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

Id. at 484. In the present case, the Court determines that the petitioner has not presented a close call or one which is "debatable." Therefore, a certificate of appealability will not issue.

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that:

(1) the Magistrate Judge's proposed findings of fact and recommendation [DE #11] is ADOPTED as and for the opinion of the Court;

(2) the respondent's motion for summary judgment [DE #7] is GRANTED:

(3) the petitioner's petition for a writ of habeas corpus [DE #1] is DISMISSED WITH PREJUDICE;

(4) pursuant to 28 U.S.C. § 1915, Petitioner may not appeal this Order in forma pauperis, as no such appeal can be taken in good faith;

(5) this is a final order and, pursuant to 28 U.S.C. § 2253(c), the Court finds that the petitioner has not made a substantial showing of the denial of a constitutional right and thus no certificate of appealability shall issue; and

(6) judgment will be entered contemporaneously with this order.

This February 16, 2007.

**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**